Filed 7/22/24  P. v. Gomez CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## SECOND APPELLATE DISTRICT
## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B325002 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BA279286 |
| v. | ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING |
| ANGEL GOMEZ, | |
| Defendant and Appellant. | NO CHANGE IN JUDGMENT |

THE COURT*:

This court has received the petition for rehearing filed by appellant on July 10, 2024. This court's opinion, filed June 25, 2024, is modified as follows:

All references to Penal Code section 12022.52 on page 2 of the opinion are modified to instead refer to Penal Code section 12022.53.

This modification does not change the judgment.

The petition for rehearing is DENIED.

_____

CURREY, P.J.            COLLINS, J.            ZUKIN, J.

Filed 6/25/24  P. v. Gomez CA2/4 (unmodified opinion)
NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANGEL GOMEZ,<br><br>    Defendant and Appellant. | B325002<br><br>Los Angeles County<br>Super. Ct. No. BA279286 |

APPEAL from an order of the Superior Court of Los Angeles County, Shelly Torrealba, Judge. Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael C. Keller and Scott A. Taryle, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 2006, a jury convicted defendant and appellant Angel Gomez of three counts of willful, deliberate, and premeditated attempted murder. On each count, the jury found true the allegations that Gomez personally used and personally and intentionally discharged a firearm, causing great bodily injury to one of the three victims. In 2022, Gomez filed a petition for recall and resentencing under Penal Code section 1172.6.[1] The trial court denied Gomez relief, concluding he was ineligible as a matter of law. On appeal, Gomez argues reversal is warranted because the trial court committed prejudicial error. We affirm.

## PROCEDURAL BACKGROUND

As noted above, the jury convicted Gomez of three counts of willful, deliberate, and premeditated attempted murder (§§ 187, subd. (a); 664; counts one through three). As also noted above, on each attempted murder count, the jury found true the allegations that Gomez (1) personally used a firearm (§ 12022.52, subd. (b)); (2) personally and intentionally discharged a firearm (§ 12022.53, subd. (c)); and (3) personally and intentionally discharged a firearm proximately causing great bodily injury to victim Deyvi Covarrubia. (§ 12022.52, subd. (d).) The jury also found gang

---

1   All undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute.

allegations true on those counts. (§ 186.22, subd. (b)(1).)[2] The trial court sentenced Gomez to 120 years to life in state prison.

On direct appeal, a different panel of this court modified the judgment by striking two previously stayed firearm enhancements and affirmed the judgment in all other respects. (*People v. Gomez* (May 19, 2008, B194839) [nonpub. opn.].)[3]

In 2022, Gomez petitioned the trial court for relief under section 1172.6. In his petition, Gomez requested counsel be appointed on his behalf. Without appointing counsel, the trial court summarily denied Gomez relief. In denying relief, the court explained:

> In accord with CALJIC 8.66 [ ], a conviction for attempted murder requires that the "defendant [Gomez] intended to kill." Additionally in this matter, the jury specifically determined [Gomez's] actions to be willful, deliberate and premeditated while personally and intentionally discharging a firearm which caused great bodily injury. [Gomez's] conviction was not premised on theories of felony murder or natural and probable consequences and such jury instructions were not given. Accordingly, and as a matter of law, [Gomez] is ineligible for resentencing . . . .

Gomez timely appealed.

---

2    Though not directly relevant to this appeal, the jury also convicted Gomez of three counts of shooting from a motor vehicle, in addition to finding firearm use and gang allegations true on those counts. (§ 12022.52, subds. (b), (c) & (d); § 186.22, subd. (b)(1).)

3    We granted Gomez's request for judicial notice of our opinion resolving his direct appeal.

3

**DISCUSSION**

## I.  Governing Law

The Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, § 189, subd. (e); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Senate Bill No. 775 (2021-2022 Reg. Sess.) expanded SB 1437 to include convictions for attempted murder under the natural and probable consequences doctrine. (Stats. 2021, ch. 551.)

SB 1437 also added section 1170.95 to the Penal Code, which, as mentioned above, was later renumbered to section 1172.6. (Stats. 2018, ch. 1015, § 4; Stats. 2022, ch. 58, § 10.) This section permits individuals who were convicted of felony murder or murder under the natural and probable consequences doctrine, but who could not be convicted of murder following SB 1437's changes to sections 188 and 189, to petition the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1172.6, subd. (a).) The statute also provides relief for certain individuals convicted under any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (*Ibid.*) It likewise permits individuals who were convicted of attempted murder under the natural and probable consequences doctrine, but who could not be convicted of attempted murder under current law, to petition the sentencing court for relief. (*Ibid.*)

4

A petition for relief under section 1172.6 must include a declaration by the petitioner that he or she is eligible for relief based on all the requirements of subdivision (a), the superior court case number and year of the petitioner's conviction, and a request for appointment of counsel, should the petitioner seek appointment. (§ 1172.6, subd. (b)(1).)

Subdivision (c) of section 1172.6 provides: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

## II. Remand is unwarranted because the record demonstrates Gomez is ineligible for section 1172.6 relief as a matter of law

Gomez argues the trial court prejudicially erred by denying him relief as a matter of law without first appointing counsel and allowing additional briefing. It is true, as the Attorney General concedes, that the trial court erred by not appointing counsel and allowing briefing. (*Lewis, supra*, 11 Cal.5th at p. 957; § 1172.6, subds. (b)(3) & (c).) This error, however, was harmless.

As the trial court correctly noted in denying relief as a matter of law, the jury was not instructed on the natural and

probable consequences doctrine nor any other theory of imputed-malice liability. Rather, the jury was instructed that, in order to convict Gomez of attempted murder on counts one through three, it had to conclude Gomez "harbored express malice, namely, a specific intent to kill unlawfully another human being." Additionally, the jury was instructed as follows regarding the allegations, ultimately found true by the jury, that the attempted murders were willful, deliberate, and premeditated: "If you find that the attempted murder was preceded and accompanied by a clear, deliberate intent to kill, which was the result of deliberation and premeditation, so that it must have been formed upon pre-existing reflection and not under a sudden heat of passion or other condition precluding the idea of deliberation, it is attempt to commit willful, deliberate, and premeditated murder." Viewing the jury verdicts through the lens of the instructions given, it is clear the jury convicted Gomez of attempted murder on counts one through three under the theory that he harbored the intent to kill, not under an imputed-malice theory. The trial court was therefore correct in concluding Gomez is ineligible for section 1172.6 relief as a matter of law. And because Gomez is ineligible for relief as a matter of law, it is not reasonably probable he would receive a more favorable result on remand. (See *Lewis*, *supra*, 11 Cal.5th at pp. 957-958 [deprivation of right to counsel in section 1172.6 proceedings is state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818].)[4]

---

4       Gomez argues the prejudice standard articulated in *Chapman v. California* (1967) 386 U.S. 18, 24 (*Chapman*) should apply to the trial court's error in not appointing counsel. (See

6

Gomez also argues the trial judge erred by ruling on his petition even though she was not the original sentencing judge. We need not decide whether there was any error in which judge was assigned to oversee Gomez's section 1172.6 proceedings. Regardless of who the trial judge was, the record conclusively demonstrates Gomez is ineligible for relief as a matter of law. Because Gomez is ineligible for relief as a matter of law, remand is unwarranted, as remanding the case would unnecessarily consume judicial resources and would not lead to a more favorable result for Gomez.

---

*ibid.* [placing the burden on the prosecution to show the error was harmless beyond a reasonable doubt].) Even assuming (without deciding) *Chapman* applied, because Gomez is ineligible for relief as a matter of law, any and all purported errors by the trial court were harmless beyond a reasonable doubt.

## DISPOSITION

We affirm the order denying Gomez section 1172.6 relief.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

COLLINS, J.

ZUKIN, J.

8